UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22425-CIV-DIMITROULEAS/Snow

JORGE CONTRERAS,

    Plaintiff,

v.

SCOTT TINKLER and AVENTURA
LIMOUSINE & TRANSPORTATION
SERVICE, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiff's Motion to Compel Responsive Documents (ECF No. 19) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration and a hearing was held before the undersigned on January 15, 2014. This Order memorializes the Court's ruling from the bench.

This is an action for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the"FLSA"). The Plaintiff, a limousine driver, alleges that he was misclassified as an independent contractor by his employer, and was therefore not paid for overtime hours when he worked in excess of forty hours in a workweek.

Two production requests from the Plaintiff's First Request for Production are in dispute. Both requests were crafted to discover evidence showing the economic realities of the relationship between the Plaintiff and Defendant, which is useful in determining whether an individual should be treated as an employee as opposed to an independent contractor for purposes of liability under the FLSA.

Request 21 seeks all memoranda issued by Defendants to Plaintiff and any driver, chauffeur, independent contractor, I/O, and independent operator from 2006 through the last day Plaintiff worked for or provided services for Defendants. According to the Plaintiff, this discovery

is necessary to establish the level of control exerted by the Defendants as to the manner in which the Plaintiff performed his work, a factor evidencing the economic realties of the relationship. Scantland v. Jeffry Night, Inc., 721 F.3d 1308, 1313 (11th Cir. 2013).

The parties agree that the Plaintiff produced numerous memoranda to the Defendants in response to Defendants' discovery requests. Defendants produced the exact same memoranda to the Plaintiff. In response to the instant motion, the Defendants assert that no memoranda have been created or given to any Independent Operator since June of 2009, and no other memoranda exist other than what has already been produced. Defendants concede that they have not searched their records for any memoranda issued to employee chauffeurs who are, or were not, independent operators.

The Court agrees with Plaintiff that any memoranda issued to employee chauffeurs would also be reasonably calculated to lead to the discovery of admissible evidence as to the economic realities of the relationship between the Plaintiff and Defendants. These would be useful to show whether the same level of control was exercised over the conduct of independent operators as was exerted over employee chauffeurs. Accordingly, the Defendants shall conduct a search and produce any memoranda issued to employee chauffeurs between 2006 and 2013.

Another factor in determining whether an individual is an employee versus an independent contractor is the alleged employee's investment in equipment and materials required for the work. Scantland 721 F.3d at 1312. In Request 32, the Plaintiff seeks documents pertaining to Aventura's investment in equipment and materials or what may be more commonly understood as Aventura's overhead or expenses. The Plaintiff agreed to permit the Defendants to limit their production to a profit and loss statement and tax returns for the three years preceding July 9, 2013, as long as those documents show what Aventura pays in expenses each year. The Defendant is willing to produce redacted financial statements showing only their operational expenses for the time

period requested. Accordingly, the Defendants shall produce redacted financial statements confined to investment and expenses for 2010 through 2013.

Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Responsive Documents (ECF No. 19) is GRANTED. On or before January 29, 2014, the Defendants shall:

1. Conduct a search and produce any memoranda issued to employee chauffeurs between 2006 and 2013, and

2. Produce redacted financial statements confined to investment and expenses for 2010 through 2013.

DONE AND ORDERED at Fort Lauderdale, Florida, this 16th day of January, 2014.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties