UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-22425-CV-WPD

JORGE CONTRERAS,

    Plaintiff,

v.

AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC.,
and SCOTT TINKLER,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Jorge Contreras, and Defendants, Aventura Limousine & Transportation Service, Inc. ("Aventura Limousine"), Scott Tinkler ("Tinkler"), submit this Joint Pretrial Stipulation in accordance with S.D. Fla. L.R. 16.1.E and the Court's Scheduling Order (ECF No. 13) and state the following:

**1.     Short Concise Statement Of The Case.**

**Plaintiff's Case:**

This is a claim for violation of a federal law—the Fair Labor Standards Act. Mr. Contreras was a driver for Aventura Limousine from 2006 through 2013. A driver works very long hours and Mr. Contreras was no exception. When an employee works any amount of time, the Fair Labor Standards Act requires that the employer pay the employee no less than the minimum wage. When an employee works more than forty hours in a workweek, the Fair Labor Standards Act also requires that the employer pay the employee overtime, that is one-and-one-half times the hourly rate for all time in excess of forty hours. Mr. Contreras contends that

1

Defendants violated the Fair Labor Standards Act by failing to pay him for all hours worked, including paying him the minimum wage and paying him for overtime hours worked.

**Defendant's Case:**

The Defendants deny liability for Plaintiff's claims. Defendants state that Plaintiff was an independent contractor not subject to the provisions of the FLSA. Furthermore, even if Plaintiff was an employee subject to the FLSA, he would not be entitled to be paid for hours such as commuting hours, gap time, or any time that he was waiting to be engaged. Furthermore, Plaintiff would not be entitled to be paid for time that is deemed to be *de minimis*. Finally, Plaintiff's claims are barred by the applicable statute of limitations.

**2.  Basis Of Federal Jurisdiction.**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves a federal statutory claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This Court has personal jurisdiction over Defendants.

**3.  The Pleadings Raising The Issues.**

    A.  Plaintiff's Complaint (ECF No. 1).

    B.  Defendants' Answer and Affirmative Defenses (ECF No. 11).

**4.  List Of All Undisposed Motions And Other Matters Pending.**

    A.  Plaintiff's Motion in Limine To Preclude Defendants From Relying On Witness Disclosed After Discovery (ECF No. 30).

    B.  Plaintiff's Daubert Motion for Exclusion of Expert Testimony of Defendants' Expert Jose I. Marrero (ECF No. 63).

    C.  Defendants' Daubert Motion for Exclusion of Expert Testimony of Plaintiff's Expert William J. Cutler, Jr. (ECF No. 68).

  D. Defendants' Motion in Limine to Exclude Evidence of Prior Lawsuits and Settlements (ECF No. 70).

  E. Plaintiff's Motion for Court to Take Judicial Notice (ECF No. 72).

  F. Defendants' Motion In Limine And To Strike Deposition Designations By Plaintiff Of Witnesses From Other Proceedings (ECF No. 82).

  G. Plaintiff's Motion in Limine (to be filed by July 18, 2014).

**5.** **Concise Statement Of Uncontested Facts Which Require No Proof At Trial.**

The parties will not contest the following facts, but reserve the right to present evidence on these facts at trial:

  A. At all material times, Defendants' annual gross sales volume was in excess of $500,000.00.

  B. Defendant Scott Tinkler is an owner and is the President and Chief Executive Officer of Aventura Limousine.

  C. Defendant Aventura Limousine & Transportation Service, Inc., is a transportation company providing, among other services, chauffeured driven limousine and transportation.

  D. Defendant Scott Tinkler is an employer within the meaning of the Fair Labor Standards Act.

  E. Defendant Aventura Limousine & Transportation Service, Inc., is an employer within the meaning of the Fair Labor Standards Act.

F.	Plaintiff Jorge Contreras provided services as a driver for Defendants from 2006 through May 20, 2013.

G.	The work performed by Plaintiff Jorge Contreras was directly essential to the business performed by Defendants.

H.	Defendants' business is engaged in interstate commerce for all of the time relevant to Plaintiff's claims.

I.	During one or more weeks that Plaintiff Jorge Contreras provided services for Defendants, Mr. Contreras worked in excess of forty hours in the work week.

J.	Plaintiff did not work any hours for Aventura on the following dates:

1) 2/7/11
2) 4/26/11
3) 4/27/11
4) 5/29/11
5) 5/30/11
6) 5/31/11
7) 6/7/11
8) 6/8/11
9) 6/14/11
10) 6/15/11
11) 6/19/11
12) 6/21/11
13) 7/4/11
14) 7/6/11
15) 7/13/11
16) 7/18/11
17) 7/25/11
18) 7/26/11
19) 7/27/11
20) 8/10/11
21) 8/16/11
22) 8/28/11
23) 8/29/11

24) 8/31/11
25) 9/7/11
26) 9/28/11
27) 10/3/11
28) 10/4/11
29) 10/5/11
30) 10/7/11
31) 10/9/11
32) 10/10/11
33) 10/11/11
34) 10/12/11
35) 6/29/12
36) 6/30/12
37) 7/1/12
38) 8/5/12
39) 8/7/12
40) 8/8/12
41) 8/9/12
42) 8/10/12
43) 8/11/12
44) 8/12/12
45) 8/13/12
46) 8/14/12
47) 8/15/12
48) 8/16/12
49) 8/17/12
50) 8/18/12
51) 8/25/12

K.  Plaintiff did not work any hours for Aventura after May 20, 2013.

L.  Plaintiff is not seeking compensation for any of the days that he did not work for Aventura.

M.  Plaintiff is not entitled to compensation for hours that he was not working for Aventura.

**6.     Issues Of Fact Which Require Proof At Trial.**

The parties submit this proposed general list of fact issues that remain to be determined without limitation as to the characterization of the factual issues to be resolved. As to the questions of fact that the parties claim remain to be litigated, the parties do not intend to stipulate that any or all of these issues remain to be litigated.

**A.     Plaintiff's Statement Of Issues Of Fact That Remain To Be Litigated.**

1. Whether Mr. Contreras was an independent contractor or employee of Defendants.

2. If Mr. Contreras was an employee of Defendants, then whether Mr. Contreras is owed wages for regular and overtime hours worked and in what amount. (Defendants admitted in response to Mr. Contreras's First Request for Admissions No. 1 that "during one or more weeks that Plaintiff provided services for Aventura, Plaintiff worked in excess of forty hours in a work week.")

3. If Mr. Contreras was an employee of Defendants, then whether Defendants willfully violated the Fair Labor Standards Act.

4. If Defendants willfully violated the Fair Labor Standards Act, then whether Defendants acted in good faith and that they had reasonable grounds for believing that their act or omission was not a violation of the Fair Labor Standards Act.

**B.     Defendants' Statement Of Issues Of Fact That Remain To Be Litigated**

1. The number of hours Plaintiff worked each week;

2. Plaintiff's effective hourly rate per week;

3. Whether the time Plaintiff spent waiting for work is compensable or whether the Plaintiff was waiting to be engaged.

4. Whether Plaintiff was an independent contractor or employee.

5. If Plaintiff is found to be an employee, whether Plaintiff may overcome his burden of proof and demonstrate he is owed overtime wages.

6. If Plaintiff is found to be an employee, whether Plaintiff may overcome his burden of proof and demonstrate he is owed unpaid minimum wages for any work week in which his effective hourly rate falls below the federal minimum wage rate of $ 7.25 per hour.

7. Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA. (this issue shall be determined by the Court under section 60 of the FLSA)

8. Whether Plaintiff has established by the greater weight of the evidence that Defendants acted willfully or in reckless disregard of the provisions of the FLSA.

9. Whether Plaintiffs claims are barred, in whole or in part, by the applicable statute of limitations.

10. Whether Plaintiffs' claims are *de minimis* and therefore should be barred.

11. Whether Defendants had actual or constructive knowledge of the hours being worked.

12. Whether Plaintiff is entitled to recover wages during periods in time when no work was performed, including time that he was waiting to be engaged for work.

**7.     Statement Of Issues Of Law On Which There Is Agreement.**

A. This Court has subject matter jurisdiction over this action.

B. This Court has personal jurisdiction over Defendants.

C. Venue is proper in this Court.

D. Scott Tinkler is an employer for purposes of the Fair Labor Standards Act.

  E. Defendants' business is engaged in interstate commerce for all of the time relevant to Plaintiff's claims.

**8. Statement Of Issues Of Law Which Remain For Determination By The Court.**

  A. All issues of law raised in the motions identified above, including such issues of law that may arise in any post-trial motions.

  B. Due to Plaintiff's invocation of his Fifth Amendment privilege during deposition, whether the jury is free to take adverse inferences against Plaintiff as to facts underlying the economic realities test (including what facts and which factors of the test).[1]

  C. Whether to award liquidated damages and Defendants' affirmative defense against awarding liquidated damages.

  D. Attorneys' fees should Plaintiff prevail.

**9. List Of Trial Exhibits.**

  A. Plaintiff's Trial Exhibit List is attached hereto as Exhibit "1."

  B. Defendants' Trial Exhibit List is attached hereto as Exhibit "2."

**10. List Of Trial Witnesses.**

  A. Plaintiff's Trial Witness List is attached hereto as Exhibit "3."

  B. Defendants' Trial Witness List is attached hereto as Exhibit "4."

**11. Estimated Trial Time.**

The parties estimate that 5-6 days are needed to complete the jury trial of this case, including voir dire and jury selection. However, the Defendant believes that if the Plaintiff reads all his requested deposition designations into evidence, the trial may last 7-8 days.

---

[1] It is Defendants' position that this issue has already been determined by the Court in its Omnibus Order on Summary Judgment motions.

**12. Attorneys' Fees.**

Plaintiff will seek his attorneys' fees and costs, which he is entitled to recover pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 216(b).

Respectfully submitted,

| | |
|---|---|
| Kim Vaughan Lerner LLP<br>**Attorneys for Plaintiff**<br>One Financial Plaza<br>100 SE Third Avenue, Suite 2001<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 527-1115<br>Facsimile: (954) 527-1116<br>blerner@kvllaw.com<br>rvaughan@kvllaw.com<br><br>　　　/s/ Brian L. Lerner　　　<br>　　Brian L. Lerner, P.A.<br>　　Fla. Bar No. 177202<br>　　Robert C. L. Vaughan, P.A.<br>　　Fla. Bar No. 130095 | Law Offices of Michael A. Pancier, P.A.<br>**Attorneys for Defendants**<br>9000 Sheridan Street, Suite 93<br>Pembroke Pines, FL 33024<br>TEL: (954) 862-2217<br>FAX: (954) 862-2287<br>mpancier@pancierlaw.com<br><br>　　　/s/ Michael A. Pancier, Esq.　　<br>　　Michael A. Pancier, Esq.<br>　　Fla. Bar No. 958484<br><br>　　　/s/ Stanley Kiszkiel, Esq.　　<br>Co-Counsel for Defendants<br>Florida Bar No. 731153<br>Stanley Kiszkiel, P.A.<br>9000 Sheridan Street, Suite 94<br>Pembroke Pines, Florida 33024<br>954-862-2288<br>954-862-2287 (f)<br>sklaw@kiszkiellaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

                                                                             s/Brian L. Lerner

## SERVICE LIST

Brian L. Lerner
blerner@kvllaw.com
Robert C. L. Vaughan
rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone:     (954) 527-1115
Facsimile:     (954) 527-1116
Attorneys for Plaintiff

Via Transmission of Notices of Electronic Filing Generated by CM/ECF

Michael A. Pancier
mpancier@pancierlaw.com
Law Offices of Michael A. Pancier, P.A.
9000 Sheridan Street
Suite 93
Pembroke Pines, Florida 33024
Telephone:     (954) 862-2217
Facsimile:     (954) 862-2287
Attorneys for Defendants

Via Transmission of Notices of Electronic Filing Generated by CM/ECF


Stanley Kiszkiel
sklaw@kiszkiellaw.com
Stanley Kiszkiel, P.A.
9000 Sheridan Street
Suite 94
Pembroke Pines, Florida 33024
Telephone:     (954) 862-2288
Facsimile:     (954) 862-2287
Attorneys for Defendants

Via Transmission of Notices of Electronic Filing Generated by CM/ECF